McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
James P. Wagoner, #058553
  *jim.wagoner@mccormickbarstow.com*
Kevin D. Hansen, #119831
  *kevin.hansen@mccormickbarstow.com*
Lejf E. Knutson, #234203
  *lejf.knuston@mccormickbarstow.com*
Jason O. Howard, #302983
  *jason.howard@mccormickbarstow.com*
7647 North Fresno Street
Fresno, California 93720
Telephone: (559) 433-1300
Facsimile: (559) 433-2300

Attorneys for Defendant AIG PROPERTY CASUALTY COMPANY (formerly known as "CHARTIS PROPERTY CASUALTY COMPANY")

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MICHAEL OVITZ, an individual, and JUDY OVITZ, an individual,<br><br>    Plaintiffs,<br><br>v.<br><br>CHARTIS PROPERTY CASUALTY CO., a Pennsylvania corporation,<br><br>    Defendant. | Case No. 2:15-CV-03916 PSG(PLA)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED APPLICATION OF DEFENDANT AIG PROPERTY CASUALTY CO. TO FILE UNDER SEAL EXHIBIT TO REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS CLAIM FOR PROMISSORY FRAUD**<br><br>[L.R. 79-5.1]<br><br>Date: December 14, 2015<br>Time: 1:30 p.m.<br>Dept.: Courtroom 880<br>Judge: Hon. Philip S. Gutierrez |

Defendant, AIG PROPERTY CASUALTY COMPANY (formerly known as "Chartis Property Casualty Company" and hereinafter referred to as "AIG Property") submits its points and authorities in support of its Application To File Under Seal Exhibit To Request For Judicial Notice In Support Of Motion To Dismiss Claim For Promissory Fraud, filed herewith.

## I. INTRODUCTION

AIG Property files its Application to request an Order granting that the following document relating to AIG Property's Request for Judicial Notice in support of its Motion to Dismiss in the above-captioned matted be filed under seal in accordance with Local Rule 79-5.1:

> Exhibit "G" to the Request for Judicial Notice filed in support of AIG Property's Motion to Dismiss Plaintiffs' Claim for Promissory Fraud, which is a settlement agreement executed on or about May 26, 2015 between AIG Property and Plaintiffs with respect to *Nobody's Home* related to policy no. PCG 0003600907 ("Settlement Agreement").

AIG Property seeks this Order on the basis that the terms and conditions of the Settlement Agreement reached between the parties in that action are subject to an agreement of confidentiality and, at the specific request of Plaintiffs' counsel, the undersigned agreed to file an application seeking to have this document filed under seal in order to preserve its confidentiality consistent with the Settlement Agreement's "confidentiality" provision. *See* Declaration of James P. Wagoner, ¶3, Ex. A. Further, in light of the confidential nature of the Settlement Agreement, the parties to this action have reached an agreement that filing the Settlement Agreement under seal serves the interests of all involved. *Id.*

Accordingly, to permit the Court to assess the terms of the confidential Settlement Agreement in conjunction with its review of AIG Property's Motion to

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED APPLICATION TO FILE UNDER SEAL EXHIBIT TO REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS

Dismiss, filed herewith, Exhibit "G" to AIG Property's Request for Judicial Notice in support of the Motion to Dismiss should be filed under seal. AIG Property also requests that this document be retained pending the hearing on AIG Property's Motion to Dismiss, and returned to counsel upon the ruling by the Court.

## II. BRIEF PROCEDURAL HISTORY

On or about May 26, 2015, the parties to the above-captioned action entered into the Settlement Agreement with respect to *Nobody's Home*. As alleged in Plaintiffs' Second Amended Complaint ("SAC"), and as set forth in detail in AIG Property's Motion to Dismiss, AIG Property ultimately paid $1,600,000 to Plaintiffs for *Nobody's Home* under policy no. PCG 0003600907, which was issued to Plaintiffs for the period of June 28, 2013 to June 28, 2014 (the "Policy"), in accordance with the express terms of the Settlement Agreement.

Plaintiffs thereafter filed the instant action alleging, in part and as amended, a claim of promissory fraud with respect to AIG Property's handling of a claim made by Plaintiffs under the Policy for the artwork entitled "*Untitled.*" SAC ¶¶43–52. AIG Property now moves to dismiss Plaintiffs' claim for promissory fraud and in doing so cites portions of the Settlement Agreement in support of the same.

In accordance with the express terms of the Settlement Agreement, AIG Property has provided timely notice to Plaintiffs regarding its intent to cite portions of the Settlement Agreement. Wagoner Dec., ¶3, Ex. A. Although a disagreement exists as to whether this document is subject to judicial notice, Plaintiffs do not disagree that this document is relevant to the Court's determination. *Id.* In the course of this discussion, the undersigned ultimately agreed to Plaintiffs' counsel's request file an Application with the Court requesting that the Settlement Agreement be filed under seal. *Id.* Accordingly, AIG Property brings the instant application to permit the filing of the document under seal.

/ / /

/ / /

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED APPLICATION TO FILE UNDER SEAL EXHIBIT TO REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS

## III. LAW AND ARGUMENT

### A. Sealing of a Confidential Settlement Agreement Is Appropriate In Light of the Confidential Nature of the Document

Pursuant to Central District Local Rule 79-5, unless "authorized by statute or federal rule, or the Judicial Conference of the United States, no case or document shall be filed under seal . . . without prior approval by the Court." L.R. 79-5.1. A party requesting to file documents under seal may bring an application before the court, along with a proposed order and "the document submitted for filing under seal . . . ." *Id.*

Although the public normally has the right to inspect documents filed with the court (see *Nixon v. Warner Comm, Inc.*, 435 U.S. 589, 597), the right is not absolute. For example, documents which have "traditionally been kept secret for important policy reasons" are not subject to access. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006), quoting *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989). The presumption of access is further weakened where the purposes of the right to inspect and copy are served without affording access to materials that were discussed or referred to only in a general way. *Zenith Radio Corp. v. Matsushita Electric Industrial Co.*, 529 F. Supp. 866, 904 (E.D. Pa. 1981).

Judicial proceedings and records may be closed in part or in full to the public in order to protect private interests, including proprietary interests in trade secrets and other commercial information. *See Stamicarbon, N. V. v. American Cyanamid Co.*, 506 F.2d 532, 539-40 (2d Cir. 1974). Access rights must be evaluated on a case-by-case basis. *Zenith Radio Corp. v. Matsushita Electric Industrial Co.*, 529 F. Supp. 866, 904 (E.D. Pa. 1981).

In making the determination whether to permit the filing of documents under seal, a balancing must take place between the public interest in access and the interests in confidentiality. The weight to be accorded each may vary depending

3

upon what purposes the documents serve in litigation. *In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litigation*, 101 F.R.D. 34, 41 (C.D. Cal. 1984). Countervailing interests may outweigh the general presumption of access, even with respect to documents relied on by the Court in making dispositive rulings. *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179-1180 (6th Cir. 1983); *Zenith Radio Corp. v. Matsushita Electric Industrial Co.*, 529 F. Supp. 866, 901 (E.D. Pa. 1981) ("The common law right to inspect and copy is of great importance, but it is not absolute. The tradition of public access has as its corollary the notion that courts must be free to supervise their records and files and to limit access to them when necessary to prevent improper use."). Notably, the Supreme Court has not held that the Constitution provides a public right of access to civil proceedings, trials or documents. *See In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litigation*, supra, 101 F.R.D. at 41, citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, (1980) and *In Press Enterprise Co. v. Superior Court*, 464 U.S. 501 (1984).

With respect to California, courts have determined that an overriding interest in preserving confidentiality exists where there is a contractual obligation not to disclose the contents of documents. *NBC Subsidiary (KNBC-TV) Inc. v. Superior Court*, 20 Cal.4th 1178, 1222, fn. 46 (1999), citing *Publicker Industries, Inc. v. Cohen*, 733 F.2d 1059, 1073 (3d Cir. 1984).

Accordingly, the Court has the requisite power based upon the Local Rule 79-5, as well as the Court's inherent power, to order an exhibit pertaining to AIG Property's Motions to Dismiss to be placed under seal so as to prevent public inspection of these documents to allow the Court to rule on the same

**B.    The Balance of Competing Interests Favors the Court Granting AIG Property's Application to Have Exhibit "G" Filed Under Seal**

Plaintiffs' SAC refers to the essential terms of the Settlement Agreement, and specifically the ultimate settlement amount agreed upon by the parties with respect

4

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

to *Nobody's Home*, and therefore the essential purposes of the right of the public to inspect and copy court documents are served without affording access to the Settlement Agreement. *Zenith Radio Corp., supra*, 529 F. Supp. at 904.

Further, the public interest in access to the Settlement Agreement should be afforded little weight in the Court's determination of this Application due to the Settlement Agreement's limited role in this litigation.  *See In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litigation, supra*, 101 F.R.D. at 41.  Specifically, the present action, reduced to its essence, is one of contract interpretation to determine the obligations of an insurer to its insured, and the conduct of the insurer in undertaking said obligations.  The reasonableness of the Settlement Agreement has already been agreed to by the parties, requiring no determination by this Court concerning the substance of the Settlement Agreement in that regard.  Further, review of this document will not affect the legal determination of the parties' obligations and rights with respect to *Nobody's Home* or *Untitled*.  Rather, as further discussed in AIG Property's Motion to Dismiss, the Settlement Agreement is offered merely as additional evidence that AIG Property did not attempt to leverage the settlement of *Nobody's Home* to deter Plaintiffs from pursuing their claim of loss with respect to *Untitled*.

Also, California courts, under which the Settlement Agreement, by its terms, is to be interpreted, recognize that an overriding interest in preserving confidentiality exists where there is a contractual obligation not to disclose the contents of documents, as is the case here.  *NBC Subsidiary, supra*, 20 Cal.4th at 1222, fn. 46.

Finally, the application filed by AIG Property is narrowly tailored to avoid a specific harm, and seeks only to seal a single exhibit to its Request for Judicial Notice in support of its Motion to Dismiss in accordance with the request by Plaintiffs' counsel.  Most courts have stressed that the "burden of showing that reasonable alternatives to closure are available is placed on those who object to

5

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED APPLICATION TO FILE UNDER SEAL EXHIBIT TO REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS

closure." *NBC Subsidiary, supra,* 20 Cal.4th 1178, 1218, fn.40, citing *United States v. Valenti,* 987 F.2d 708, 714-715 (11th Cir. 1993), *Gannett v. DePasquale,* 443 U.S. 368, 401 (1979); see also *Ayala v. Speckard,* 131 F.3d 62, 70-72 (2d Cir. 1997) (construing the high court cases and concluding that the trial court has no *sua sponte* duty to consider alternatives . . . not proposed by those objecting.) However, as noted below, not only do Plaintiffs' not oppose the filing of this document under seal, they requested it in the first instance. Wagoner Dec., ¶3, Ex. A.

Accordingly, in addition the to the fact that this Application is being brought by the undersigned at the request of Plaintiffs' counsel, the balance of interests clearly favors that this document be filed under seal.

### C. No Party to the Settlement Agreement Opposes Its Being Filed Under Seal in the Present Action

The parties to the Settlement Agreement and the present action are the same. While there exists a disagreement as to the appropriateness of AIG Property's request that the Settlement Agreement be judicially noticed, Plaintiffs' counsel ultimately requested that AIG Property file this Application and AIG Property's counsel agreed to do so. Wagoner Dec., ¶3, Ex. A.

Therefore, no party to the Settlement Agreement, or to the present action, opposes the sealing of this document.

## IV. CONCLUSION

Therefore, AIG Property respectfully requests that the Court issue an order requiring that the Clerk of the Court place under seal the single exhibit to AIG Property's Request for Judicial Notice in support of its Motion to Dismiss, so as to prevent public inspection thereof absent further order by the court.

///
///
///

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED APPLICATION TO FILE UNDER SEAL EXHIBIT TO REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: October 22, 2015 | McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP |
| 3 | | |
| 4 | | |
| 5 | | By: /s/ James P. Wagoner |
| 6 | | James P. Wagoner |
| | | Kevin D. Hansen |
| 7 | | Lejf E. Knutson |
| 8 | | Jason O. Howard |
| | | Attorneys for Defendant AIG PROPERTY |
| 9 | | CASUALTY COMPANY (formerly known |
| 10 | | as "CHARTIS PROPERTY CASUALTY COMPANY") |
| 11 | | |
| 12 | 03674-02088 3631040.1 | |

7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED APPLICATION TO FILE UNDER SEAL EXHIBIT TO REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF FRESNO

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Fresno, State of California. My business address is 7647 North Fresno Street, Fresno, CA 93720.

On October 22, 2015, I served true copies of the following document(s) described as **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED APPLICATION OF DEFENDANT AIG PROPERTY CASUALTY CO. TO FILE UNDER SEAL EXHIBIT TO REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS CLAIM FOR PROMISSORY FRAUD** on the interested parties in this action as follows:

Eric M George  
Ira G Bibbero  
Browne George Ross LLP  
2121 Avenue of the Stars Suite 2400  
Los Angeles, CA 90067  
Phone: (310) 274-7100  
Fax: (310)275-5697  
Email: egeorge@bgrfirm.com  
ibibbero@bgrfirm.com  

Represents Plaintiffs, MICHAEL OVITZ and JUDY OVITZ

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 22, 2015, at Fresno, California.

Jodi Swisher